### THE J. G. GILCHRIST.

#### THE SIMLA.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

#### No. 41.

1. ADMIRALTY (§ 118*)—APPEAL—REVIEW—QUESTIONS OF FACT.

The rule is well settled in courts of admiralty that the decision of the trial court, which heard the witnesses, on questions of fact, will not be disturbed by an appellate court, unless clearly against the weight of evidence.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 770–772; Dec. Dig. § 118.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COLLISION (§ 94*)—STEAM VESSELS MEETING—EVIDENCE AS TO FAULT.

When the steamer Simla, bound down the St. Clair river, was being passed on her starboard side by the overtaking steamer Gilchrist in accordance with a signal agreement, at a distance of 100 feet or more and at a moderate speed, the Simla sheered and struck the Gilchrist, and then took a violent sheer to port, coming into collision with the steamer Smith, which was passing up on a course 600 or 800 feet distant. *Held*, on the evidence that the Gilchrist was passing in a proper manner and in a proper place, and that the fault for the collision was wholly that of the Simla, which, although navigating a crowded river, had only the mate on deck, who failed to keep her on her course and allowed her to approach until she came within reach of the suction of the Gilchrist.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 197–199; Dec. Dig. § 94.*]

Appeal from the District Court of the United States for the Western District of New York.

Suit in admiralty for collision by the United States Transportation Company, as owner of the steamer J. C. Smith, against the steamer Simla, the Calvin Company, Limited, claimant, and the steamer J. G. Gilchrist, the Gilchrist Transportation Company, claimant. Decree (173 Fed. 666) against the Simla alone, and her claimant appeals. Affirmed.

Appeal from a decree of the District Court in favor of the libelant against the Simla for damages to the steamer L. C. Smith, occasioned by a collision which occurred between these vessels November 26, 1905, in the St. Clair river, near Woodtick Island. The decree dismissed the libel against the steamer Gilchrist. The Smith was bound up the river; the Gilchrist and Simla were both bound down. The Gilchrist signaled for and obtained permission to pass on the starboard side. While doing so, the Simla took a violent sheer to port and collided with the Smith, causing the injury complained of.

Clinton, Clinton & Striker (George Clinton, of counsel), for the Simla.

Hermon A. Kelley (Hoyt, Dustin, Kelley, McKeehan & Andrews and G. W. Cottrell, of counsel), for the Gilchrist.

Harvey D. Goulder and Frank S. Masten, for the Smith.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The principal question is one of fact, which was decided by the District Judge in favor of the Gilchrist and against the Simla, after seeing and hearing all of the important witnesses. The rule is well settled that his decision will not be disturbed, unless clearly against the weight of evidence. In the present case we are of the opinion that the weight of testimony upholds his conclusions, and, after an examination of the record, we fail to see how he could have reached a different result. It was a gross fault for the Simla to attempt the navigation of the St. Clair river, crowded as it is with vessels, having but one man, the second mate, on deck. He was expected to act as master, helmsman, and lookout, and at the same time

to give signals to the engine room and also to passing and meeting vessels. The Gilchrist, on the contrary, was fully manned, with all necessary officers on deck. The Simla took a violent sheer, passed over the 600 or 800 feet which separated her course from that of the Smith, and collided with the latter, causing the damages complained of.

We cannot find that anything in the Gilchrist's navigation initiated the sheer. Having asked and obtained assent to her passing the Simla on the latter's starboard hand, the Gilchrist, as the overtaking vessel, was required to keep out of her way, and it seems to us she did all that was required of her to that end. There was not such a difference between the respective speeds of the two vessels as to render the passing hazardous. The Gilchrist began the maneuver on a course sufficiently far away from the Simla as to be entirely safe. She steered for a fixed point on shore, and, as the evidence conclusively shows, kept her course. That being so, one of two possible causes must have operated to bring them closer together as they both progressed. Either the Simla's original course was not parallel with that of the Gilchrist, or the Simla changed her own course to starboard while the maneuver was being executed. The Gilchrist was keeping her course well over towards the American shore when the Simla sheered towards her. If the Gilchrist's suction contributed to this result, it was the Simla's action which brought her (the Simla) within its influence.

The District Judge was satisfied that the Simla changed her course to starboard, which initiated the violent sheer towards the Smith; and we are not persuaded that his finding was erroneous.

The Smith was concededly free from fault, and we are unable to find any fault in the navigation of the Gilchrist which justifies a decree against her.

It follows that the decree should be affirmed, with interest. As the Calvin Company, claimant of the Simla, is the only party appealing to this court, and as its appeal has not succeeded, it follows that the costs of the successful parties in this court must be taxed against the Calvin Company.